No









NO. 12-10-00101-CV

 

IN
THE COURT OF APPEALS

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
 TEXAS

CONNIE SUE MOODY AND                     §                      APPEAL
FROM THE 114TH

RONNIE
DALE MOODY,

APPELLANTS

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

 

 

RONNIE WAYNE DURRETT,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS







MEMORANDUM OPINION

PER CURIAM

            This
appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of
Appellate Procedure 42.3(a).  The trial court’s judgment was signed on December
10, 2009.  Under rule of appellate procedure 26.1, the notice of appeal must be
filed within thirty days after the judgment is signed.  Appellants, Connie Sue
Moody and Ronnie Dale Moody, filed a motion for new trial.  See Tex. R. App. P. 26.1(a) (providing that
notice of appeal must be filed within ninety days after judgment signed if any
party timely files motion for new trial).  To be timely, a motion for new trial
must be filed within thirty days after the judgment is signed.  Tex. R. Civ. P. 329b(a).  Appellants
filed their motion for new trial on February 16, 2010, which is more than
thirty days after the judgment was signed.  Therefore, the motion for new trial
does not extend Appellants’ time for filing their notice of appeal.  See Tex. R. App. P. 26.1(a). Consequently,
the notice of appeal was due to have been filed no later than January 11, 2010. 
Appellants’ notice of appeal was not filed until February 16, 2010. 
Because Appellants’ notice of appeal was not filed on or before January 11,
2010, it was untimely, and this court has no jurisdiction of the appeal.

On
April 8, 2010, this court notified Appellants pursuant to Texas Rules of
Appellate Procedure 37.1 and 42.3 that their notice of appeal was untimely and
there was no timely motion for an extension of time to file the notice of
appeal as permitted by Texas Rule of Appellate Procedure 26.3.  Appellants were
further informed that unless the record was amended on or before April 19, 2010
to establish the jurisdiction of this court, the appeal would be dismissed.  Appellants
responded that, on February 16, 2010, they filed a motion for new trial and a
motion to extend the time for filing the motion for new trial.  Appellants’ motion
for extension of time is, in essence, an attempt to show that they did not
receive notice of the judgment within twenty days after the judgment was
signed.  See Tex. R. Civ. P. 306(a)(4),
(5); Tex. R. App. P. 4.2(a)(1).  

The
trial court conducted a hearing, and denied Appellants’ motion for new trial
without stating a reason.[1]  However, the
order does not include a finding as to when Appellants first received notice or
acquired actual knowledge that the judgment had been signed.         See Tex. R. App. P. 4.2(c) (“[T]he trial
court must sign a written order that finds the date when the party . . . first
either received notice or acquired actual knowledge that the judgment . . . was
signed.”).  “Without . . . procurement of an order from the trial court finding
the date on which notice or actual knowledge was received, [we] cannot depart
from the original appellate timetable.”  See Bramlett v. Tex. Dep’t of
Criminal Justice, No. 07-09-00381-CV, 2010 WL 58335, at *1 (Tex.
App.–Amarillo 2010, pet. denied).  

Appellants’
notice of appeal was due on or before January 11, 2010.  Because the
notice of appeal was not filed until February 16, 2010, and Appellants have not
shown that the time for filing it should be extended, the appeal is dismissed
for want of jurisdiction.  See Tex.
R. App. P.  42.3(a).

By
per curiam opinion May 19, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(PUBLISH)









      [1]
Because it is not germane
to the issue before us, we do not address the propriety of the trial court’s
actions regarding the motion for new trial.